JAMES STEEN, Appellant, v. EDWARD DEAN, Defendant. CITY OF BUFFALO, Respondent, v. EDWARD DEAN, Appellant. (Appeal No. 1) — Order unanimously reversed on the law and facts, with costs, motion granted and complaint dismissed. Memorandum: James Steen, a City of Buffalo firefighter, was injured in an automobile accident when struck by an automobile owned and operated by defendant, Edward Dean. He instituted action No. 1 against Dean and as part of his damages in this suit claimed $651.09 as lost wages. It is undisputed that Steen was off-duty at the time of the accident. The City of Buffalo paid him this amount for approximately one month that he was incapacitated. The city then instituted action No. 2 as a plaintiff against defendant Dean for reimbursement of the wages it had paid firefighter Steen. Steen and Dean moved to dismiss action No. 2, and Special Term denied the motion, relying on the language of section 207-c of the General Municipal Law. We cannot agree. Section 207-a provides in its first paragraph insofar as here pertinent

that any paid fireman of a city with less than one million population "who is taken sick as a result of the performance of his duties so as to necessitate medical treatment" shall be paid by the municipality the full amount of his regular salary until his disability has ceased. The second and final paragraph provides that a cause of action shall accrue to the municipality for reimbursement for sums actually paid as salary as against "any third party against whom the fireman shall have a cause of action for the injuries sustained." This section is derived from chapter 562 of the Laws of 1938. At that time the municipality had no cause of action for reimbursement against negligent third parties. Chapter 919 of the Laws of 1946 created that cause of action the purpose of which as appears in the Legislative Index was to give "municipalities outside New York City a cause of action for reimbursement of salary and medical and hospital expenses of firemen injured in performance of duty against third parties liable for the injury" (1946 N. Y. Legis. Index, 99 [Sen. Bill No. 1181]). The cause of action thus created by the second paragraph of section 207-a in favor of the municipality and against third parties responsible must be read together with the first paragraph. When so read it is apparent that it relates only to those injuries sustained by the fireman as a result of the performance of his duty. Logic suggests no reason to extend the benefits of section 207-a to firemen for accidents or injuries unrelated to their employment nor to give the municipality a cause of action in those cases. Further, we believe this construction is mandated by the express language of the title of the section which states: " Payment of salary, medical and hospital expenses of firemen with injuries or illness *incurred in performance of duties* " (italics supplied). Finally, regardless of whether Steen did or did not apply for benefits under 207-a, it is without dispute in the record that the Fire Commissioner certified that payment to plaintiff of wages during the period in question was on account of "sick leave". Such leave permits firefighters to receive full pay while disabled but is deducted from the six-month " sick leave " time allotted firefighters during their entire service period. Since plaintiff Steen suffered a reduction in the total sick leave time available to him, we see no merit to the city's contention that he is being unjustly enriched because he was paid his salary while disabled. (Appeals from order of Erie Special Term denying motion to dismiss action of City of Buffalo.) Present — Del Vecchio, J. P., Marsh, Moule and Cardamone, JJ.